**UNITED STATES, Appellee,**

v.

**Luis Angel TORRES–OTERO, a/k/a
El Enamo, a/k/a Little Luis, a/k/a
Primo, Defendant, Appellant.**

**Luis A. Torres–Otero, Petitioner,
Appellant,**

v.

**United States, Respondent, Appellee.**

**Nos. 98–1832, 98–2012.**

United States Court of Appeals,
First Circuit.

Heard April 9, 1999.

Decided Sept. 16, 1999.

Peter Goldberger, with whom Pamela A. Wilk was on brief, for Torres–Otero.

Grace Chung Becker, Trial Attorney, United States Department of Justice, for the United States.

Before STAHL, Circuit Judge, BOWNES, Senior Circuit Judge, and LIPEZ, Circuit Judge.

Per Curiam.

In this opinion we address the issue of the course to take in light of the recent Supreme Court decision in *Peguero v. United States*, 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999). The Court held that, "petitioner is not entitled to habeas relief based on a Rule 32(a)(2) violation when he had independent knowledge of the right to appeal and so was not prejudiced by the trial court's omission." *Id.* 119 S.Ct. at 965.

We had before us consolidated appeals arising from proceedings under 28 U.S.C. § 2255 in which the district court determined that defendant Luis Torres–Otero

(Torres) had not, at his original sentencing in 1992, been informed by the district court of his right to appeal. As a remedy for this violation, the district court denied Torres's request that he be resentenced and, over Torres's objection, ordered the clerk to file a notice of appeal on Torres's behalf.

■ Before we address the main subject of this opinion, we must first consider the government's challenge to our jurisdiction to hear the appeals. The government contends that AEDPA deprives this court of jurisdiction over the appeal of the denial of Torres's § 2255 motion because AEDPA precluded a "second or successive" § 2255 motion unless certain preconditions, not present here, were met. We disagree because we conclude that the matter before us is not a "second or successive" § 2255 motion. Rather, we find it a final decision on Torres's first § 2255 motion, albeit a decision issued as a result of a motion to reconsider.

The district court characterized its failure to have advised Torres of his right to appeal as *"per se* error." It held: "A criminal defendant is automatically entitled to relief if he was not advised at sentencing of his right to appeal." Dist. Ct. Op. D.P.R., June 16, 1998.[1]

The decision in *Peguero*, issued on March 2, 1999, was subsequent to the district court opinion and prior to oral argument in the appeal before us. There can be no doubt that *Peguero* is binding on us.

In *Peguero* the Court stated:

Trial judges must be meticulous and precise in following each of the requirements of Rule 32 in every case. It is undisputed, then, that the court's failure to give the required advice was error.

*Id.* at 964. Immediately following this admonition, the Court stated:

A violation of Rule 32(a)(2), however, does not entitle a defendant to collateral relief in all circumstances. Our precedents establish, as a general rule, that a court's failure to give a defendant advice required by the Federal Rules is a sufficient basis for collateral relief only when the defendant is prejudiced by the court's error.

*Id.*

In the course of its opinion the Court rejected the argument that, "a Rule 32(a)(2) oversight, though nonprejudicial, automatically entitles the defendant to habeas relief." *Id.* at 965.

The court then made the following statement:

Rule 52(a) of the Federal Rules of Criminal Procedure prohibits federal courts from granting relief based on errors that "d[o] not affect substantial rights." See Rule 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded"); see also *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254–55, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988) ("[A] federal court may not invoke supervisory power to circumvent the harmless-error inquiry prescribed by Federal Rule of Criminal Procedure 52(a). . . . Rule 52 is, in every pertinent respect, as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions").

*Id.* 119 S.Ct. at 965.

■ In light of the holding of *Peguero* and its teaching we feel constrained to

---

1. Fed.R.Crim.P. 32(c)(5) states:

    Notification of Right to Appeal. After imposing sentence in a case which has gone to trial on a plea of not guilty, the court must advise the defendant of the right to appeal. After imposing sentence in any case, the court must advise the defendant of

    any right to appeal the sentence, and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. If the defendant so requests, the clerk of court must immediately prepare and file a notice of appeal on behalf of the defendant.

remand this case to the district court for a factual inquiry as to whether *Torres–Otero* knew that he had a right to appeal notwithstanding the district court's failure to so advise him. If he had such knowledge then the sentencing appeal is moot. If he did not know of his right to appeal, we will proceed to decide the sentencing appeal.

■ We hesitate to tell the district court how to conduct such a factual hearing. We point out the obvious. The hearing shall be conducted as would any other factual hearing under the Federal Rules of Criminal Procedure. If *Torres–Otero* denies that he had knowledge of his right to appeal, the government has the burden of proving otherwise.

*So Ordered.*