**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 04-4282

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JORGE E. PARRA,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   James R. Spencer, District
Judge.  (CR-98-1)

———————————

Submitted:  September 29, 2004       Decided:  November 2, 2004

———————————

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

David S. Zapp, New York, New York, for Appellant.   G. Wingate
Grant, II, Assistant United States Attorney, Matthew G. Howells,
Third-Year Law Student, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

In 1998, Jorge E. Parra pled guilty pursuant to a plea agreement to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 (2000), and obstruction of justice, in violation of 18 U.S.C. § 1503 (2000). Parra received concurrent 120-month sentences, to be followed by five years of supervised release. No appeal was noted from the conviction or sentence.

In a 28 U.S.C. § 2255 (2000) motion filed in the district court, Parra asserted that trial counsel was ineffective on two grounds. The court dismissed one ground as lacking merit. In the second ground, Parra complained that counsel failed to note an appeal despite Parra's instructions to do so. The district court dismissed this claim on the ground that, as Parra waived his right to appeal the sentence, counsel's failure to note an appeal even if requested to do so did not constitute ineffective assistance of counsel.

On appeal, we affirmed the district court's holding on the first claim. As to the failure to note an appeal, we determined that the waiver was not so broad that it covered every claim that might be raised. Therefore, we remanded with directions to the district court to "determine the facts necessary to assess counsel's conduct" under Roe v. Flores-Ortega, 528 U.S. 470 (2000). United States v. Parra, No. 00-6824, 2000 WL 1714181 (4th Cir. Nov. 16, 2000) (unpublished).

On remand, the Government acknowledged sufficient evidence to establish that Parra directed his former counsel to appeal, but counsel failed to do so. The district court therefore authorized Parra, within ten days of its order, to note an appeal.

Months later, Parra moved for reconsideration of the order on the ground that neither he nor counsel received notice of the order in time to appeal. In addition, Parra argued that circuit precedent required the district court to vacate the judgment of conviction and resentence him in order to begin the appeal period. Parra asked the court, in resentencing him, to reconsider his eligibility for a safety valve reduction under U.S. Sentencing Guidelines Manual § 5C1.2 (1997).

After a hearing on the motion, the district court vacated the original judgment of conviction and sentence and reentered the same order on April 8, 2004. The court declined Parra's request to reconsider him for a safety valve reduction under USSG § 5C1.2. Parra noted a timely appeal.

On appeal, Parra asserts that the district court should have allowed him to proffer under USSG § 5C1.2 prior to resentencing. He claims as well that his first counsel rendered constitutionally ineffective assistance in failing to prepare him for his safety valve proffer to the Government. We conclude that the district court did not err in finding authority only to vacate and reenter judgment, rather than to resentence Parra de novo.

"[T]he 'standard practice among federal courts' in this situation [is] vacatur of the sentence and summary imposition of a new sentencing judgment identical in all respects to the earlier one except for the date of entry." United States v. Torres-Otero, 232 F.3d 24, 29 (1st Cir. 2000) (quoting Pratt v. United States, 129 F.3d 54, 62 (1st Cir. 1997)). This court has followed the same procedure. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993) (in § 2255 appeal where criminal defense attorney failed to file a notice of appeal though requested to do so, court reversed and remanded with instruction to "vacate Peak's judgment of conviction and enter a new judgment from which an appeal can be taken.").

Parra next contends that his initial counsel rendered constitutionally ineffective assistance. "Ineffective assistance claims are not cognizable on direct appeal unless counsel's ineffectiveness conclusively appears on the record." United States v. James, 337 F.3d 387, 391 (4th Cir. 2003), cert. denied, 124 S. Ct. 1111 (2004). Here, Parra asserts that his original trial counsel was ineffective in preparing him for the safety valve proffer. However, there is no evidence in the record before the court to support that claim. General comments by the district court about counsel's overall performance at court proceedings are not sufficient on their face and standing virtually alone to satisfy the standard set forth in Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Therefore, this claim may not be

pursued on direct appeal, though Parra may raise it in a timely motion to vacate his sentence, 28 U.S.C. § 2255.

We affirm Parra's judgment and conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED