<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-7601**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MICHAEL GLOVER,

        Defendant – Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (7:07-cr-00023-BO-5; 7:09-cv-00078-BO)

---

Submitted: January 14, 2010     Decided: February 2, 2010

---

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed in part as modified, vacated in part, and remanded with instructions by unpublished per curiam opinion.

---

Michael Glover, Appellant Pro Se.  Barbara Dickerson Kocher, Rudolf A. Renfer, Jr., Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2008, Michael Glover pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and one hundred kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2006). Glover was sentenced to 292 months' imprisonment. No direct appeal was noted from Glover's conviction or sentence.

In a 28 U.S.C.A. § 2255 (West Supp. 2009) motion filed in the district court, Glover asserted, among other claims, that his trial counsel was ineffective for failing to file a notice of appeal as Glover had requested. In its order and judgment adjudicating Glover's § 2255 motion, the district court granted Glover relief on that claim by granting leave to file a belated criminal appeal. Simultaneously, however, the court granted summary judgment to the Government on Glover's remaining § 2255 claims for relief. Glover timely appealed the district court's order and judgment adjudicating his § 2255 motion.

An attorney who fails to file a direct appeal when requested to do so by his criminal defendant client "deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Counsel is not absolved of his

duty to file a requested notice of appeal by a waiver of appeal rights in a plea agreement. United States v. Poindexter, 492 F.3d 263, 271-73 (4th Cir. 2007). In this Circuit, as in others, the remedy on § 2255 for ineffective assistance of counsel where counsel fails to note a requested appeal is to vacate the underlying judgment of conviction and reenter the judgment to permit the appeal period under Fed. R. App. P. 4(b) to run anew. See Peak, 992 F.2d at 42.[*]

We initially note that despite the district court's conclusion that Glover's counsel failed to file a direct appeal as requested, Glover's judgment of conviction was not vacated and reentered. Furthermore, while the district court denied relief as to the remainder of Glover's § 2255 claims, we note that those claims could otherwise be raised in Glover's reinstated direct appeal. When a prisoner such as Glover has wrongly been denied the right to a direct appeal as the result of counsel's ineffective assistance, he should not be forced to raise all possible claims against his judgment of conviction in his first § 2255 motion and, thereby, "make the substantive

---

[*] See United States v. Shedrick, 493 F.3d 292, 303 (3d Cir. 2007); United States v. Snitz, 342 F.3d 1154, 1159 (10th Cir. 2003); United States v. West, 240 F.3d 456, 459 (5th Cir. 2001); United States v. Torres-Otero, 232 F.3d 24, 29 (1st Cir. 2000); United States v. Phillips, 225 F.3d 1198, 1200-01 (11th Cir. 2000).

3

objections to his conviction and sentence that his lawyer would have made for him on direct appeal."  In re Goddard, 170 F.3d 435, 437 (4th Cir. 1999).

To place Glover in the position he would have been in if he had had the effective assistance of counsel, we grant Glover a certificate of appealability and vacate that portion of the district court's order and judgment granting Glover leave to file a belated notice of appeal.  We remand with instructions to vacate and reenter Glover's judgment of conviction.  In so doing, the district court should appoint counsel to represent Glover so that Glover may benefit both from counsel's advice as to whether to pursue a direct appeal and from counsel's services in filing a timely notice of appeal, should that be Glover's decision to do so.  We further modify the district court's denial of relief on Glover's remaining § 2255 claims to be without prejudice and affirm the denial of relief as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART AS MODIFIED,
VACATED IN PART, AND
REMANDED WITH INSTRUCTIONS

4