NOT FOR PUBLICATION

FILED

FEB 28 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No. CC-12-1312-DKiPa |
| ) | |
| RICHARD RUSSELL, JR. and ) | Bk. No. 09-11901-ES |
| JACETA SALENA RUSSELL, ) | |
| ) | |
| Debtors. ) | |
| _____) | |
| ) | |
| RICHARD RUSSELL, JR.; ) | |
| JACETA SALENA RUSSELL, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| AURORA BANK FSB, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

Submitted Without Oral Argument[2]
on February 22, 2013

Filed - February 28, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Erithe A. Smith, Bankruptcy Judge, Presiding

_____

Appearances:    Linda Rose Fessler, Esq. on brief for Appellants;
Joseph C. Delmotte and Catherine T. Vihn of Pite
Duncan, LLP on brief for Appellee.

_____

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] On February 21, 2013, the Panel granted the stipulated motion of the parties to submit on the briefs.

Before: DUNN, KIRSCHER and PAPPAS, Bankruptcy Judges.

The debtors, Richard Bernard Russell, Jr. and Jaceta Salena Russell, appeal the bankruptcy court's order granting relief from the automatic stay in favor of appellee, Nationstar Mortgage, LLC ("Nationstar"),[3] pursuant to an adequate protection order earlier entered between the debtors and Nationstar.[4]  We AFFIRM.

**FACTS**

Three years before filing for bankruptcy, the debtors purchased their residence in Santa Ana, California, through a home loan.  They executed a promissory note for the home loan, which was secured by a trust deed encumbering the residence.

The debtors defaulted on their monthly loan payment in June 2008.  A notice of default was recorded in November 2008.  When the debtors failed to cure the default, a notice of trustee's sale ("trustee notice") was recorded in February 2009.  The trustee notice indicated that the residence would be sold at a foreclosure sale on March 10, 2009.

Five days before the foreclosure sale, the debtors filed their chapter 13 bankruptcy petition.  Nationstar filed a proof of claim on July 6, 2009, alleging that the debtors owed $74,071.35 in prepetition arrears on the home loan.  The debtors

---

[3] The debtors originally obtained the home loan from Mortgage Lenders Network USA, Inc.  The trust deed was assigned to Aurora Loan Services, LLC ("Aurora").  Aurora later assigned the beneficial interest in the trust deed to Nationstar.  For the sake of simplicity, we refer only to Nationstar.

[4] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

2

objected to the proof of claim. After a hearing on September 29, 2009, the bankruptcy court overruled the objection. It later entered an order consistent with its ruling.

Three weeks after it filed its proof of claim, Nationstar filed a motion for relief from the automatic stay ("relief from stay motion"). It contended that the debtors were behind ten prepetition monthly loan payments and three postpetition monthly loan payments. The debtors opposed the relief from stay motion ("opposition"), arguing that they had made several monthly loan payments to Nationstar which it failed to take into account.

Following several hearings, Nationstar and the debtors resolved the relief from stay motion by stipulated order ("adequate protection order"). The bankruptcy court entered the adequate protection order on December 15, 2009.

Under the adequate protection order, the debtors agreed to make regular monthly loan payments starting January 1, 2010. Nationstar agreed to amend its proof of claim to include postpetition arrears.[5]

The adequate protection order also provided that, in the event of defaults by the debtors, Nationstar would send them up to three written notices of default ("default notice"). If the debtors failed to cure a noticed default within ten days of the mailing of a default notice, Nationstar could file a declaration specifying the default and submit to the bankruptcy court a proposed order terminating the automatic stay. The bankruptcy

---

[5] The postpetition arrears consisted of four monthly loan payments from September 2009 through December 2009 less a suspense balance.

court could grant the order terminating the automatic stay without further notice or hearing. The adequate protection order further provided for a waiver of the fourteen-day stay of the effective date of an order granting relief from the automatic stay created under Rule 4001(a)(3).

The adequate protection order also provided that the debtors had a right to "a maximum of three [default notices] and opportunities to cure" the default. It provided that "[o]nce [the debtors] had defaulted this number of times on the obligations imposed by this [o]rder and [had] been served with this number of notices of default," Nationstar shall "be relieved of any obligation to serve additional notices of default and provide additional opportunities to cure."

In a letter dated April 19, 2012 ("default letter"), Nationstar advised the debtors that they again had fallen behind in their postpetition monthly loan payments. According to Nationstar, the debtors failed to make loan payments for February 2012 through April 2012. It informed the debtors that the total amount past due under the adequate protection order was $12,539.67, after applying funds in suspense.

Nationstar advised the debtors that they had ten days from April 19, 2012, to cure the default. If they failed to cure the default timely, Nationstar would submit to the bankruptcy court "a [d]eclaration as to the default along with an [o]rder terminating the automatic stay." It further informed the debtors that their right to notice was "expressly limited to three (3) events of noncompliance under the [o]rder" and that the letter served as the first default notice.

On May 25, 2012, Nationstar filed with the bankruptcy court a declaration asserting that it served a default notice on the debtors. It claimed that the debtors failed to cure the default within the ten-day period established by the adequate protection order. The debtors did not contest the declaration.

Based on the declaration, the bankruptcy court entered an order on June 1, 2012 ("relief from stay order"), terminating the automatic stay and allowing Nationstar to foreclose on and obtain possession of the residence.

The debtors timely appealed the relief from stay order.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court err in granting relief from stay pursuant to the adequate protection order?

**STANDARDS OF REVIEW**

We review a bankruptcy court's decision to grant relief from stay for an abuse of discretion. Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1084 n.9 (9th Cir. 2000). We apply a two-part test to determine objectively whether the bankruptcy court abused its discretion. United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009)(en banc). First, we "determine de novo whether the bankruptcy court identified the

correct legal rule to apply to the relief requested." Id. Second, we examine the bankruptcy court's factual findings under the clearly erroneous standard. Id. at 1262 & n.20. A bankruptcy court abuses its discretion if it applied the wrong legal standard or its factual findings were illogical, implausible or without support in the record. TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION[6]

The debtors contend that Nationstar submitted to the bankruptcy court a "falsified" declaration when it obtained the relief from stay order. The declaration was "falsified" because Nationstar did not take into account four wire transfers the debtors had sent to Nationstar for their February 2012 through May 2012 monthly loan payments.

The debtors argue that they remitted their February 2012 through May 2012 monthly loan payments to Nationstar by wire transfers on March 15, 2012, April 9, 2012, May 9, 2012 and

---

[6] On appeal, the debtors contest the amount of arrears asserted by Nationstar in its latest amended proof of claim. They argue that the latest amended proof of claim "include[d] the arrearage incorrectly claimed by [Nationstar] as its reason for filing the default that resulted in lifting of the [automatic] stay."

The debtors did not raise this issue before the bankruptcy court. Because the debtors raise this issue for the first time on appeal, we decline to address it. See United States v. Shaltry (In re Home America T.V.-Appliance Audio, Inc.), 232 F.3d 1046, 1052 (9th Cir. 2000)("[A]bsent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal . . . .").

June 6, 2012. They include in the record on appeal copies of the wire transfer authorization forms for the February 2012 through May 2012 monthly loan payments.

The debtors acknowledge that their check for the February 2012 monthly loan payment had been returned for insufficient funds. As soon as they discovered the error, however, the debtors remitted the February 2012 monthly loan payment on March 15, 2012, along with $50 for the non-sufficient funds fee. They then proceeded to send the remaining monthly loan payments to Nationstar over the course of the next three months.

As Nationstar points out, we cannot consider the debtors' new evidence because it was not presented to the bankruptcy court. See Oyama v. Sheehan (In re Sheehan), 253 F.3d 507, 512 n.5 (9th Cir. 2011)("Evidence that was not before the lower court will not generally be considered on appeal."); Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1077 (9th Cir. 1988)("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").

The debtors complain that they were not allowed to present this evidence to the bankruptcy court because it immediately lifted the automatic stay based on the "falsified" declaration. But the debtors did not contest the declaration at all, despite having a week to do so. Nationstar filed the declaration on May 25, 2012. The bankruptcy court did not enter an order until June 1, 2012.

Moreover, based on their own statements in an attachment to their notice of appeal, the debtors did not cure the default

7

within the ten-day period under the adequate protection order. The debtors remitted the February 2012 monthly loan payment on March 15, 2012, the March 2012 monthly loan payment on April 9, 2012, and the April 2012 monthly loan payment on May 9, 2012. Under the default notice, the debtors were required to remit all three monthly loan payments (i.e., the February 2012 through April 2012 monthly loan payments) by April 29, 2012.

The debtors also argue that the adequate protection order required Nationstar to send all three default notices in the event of a default. They further allege that Nationstar indicated in the default letter that it would be sending all three default notices.

But the debtors misconstrue the adequate protection order provision concerning the default notice requirements. The adequate protection order expressly stated that they had a right to "a maximum of three [default notices]." "Maximum" does not mean "in succession" or "in an unbroken sequence," as the debtors seem to suggest. "Maximum" means "the greatest quantity or degree reached or recorded; the upper limit of variation" or "an upper limit permitted by law or other authority." The American Heritage Dictionary 1083 (4th ed. 2000). The debtors only would receive a default notice for each of up to three defaults they committed.

They also misconstrue the default letter. Nationstar stated in the default letter that the debtors' right to notice was "expressly limited to three (3) events of noncompliance." The debtors only would receive a default notice for each act of noncompliance under the adequate protection order.

8

Based on the record before us, we cannot conclude that the bankruptcy court abused its discretion in granting relief from the automatic stay.[7]

**CONCLUSION**

We AFFIRM.

---

[7] Although the record constrains us in the result that we may reach, we note that time has not run for the debtors to seek relief before the bankruptcy court based on mistake or "any other reason that justifies relief" under Rule 60(b)(1) or (6) of the Federal Rules of Civil Procedure, applicable under Rule 9024.