**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 30, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20889

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

JAMES EARL CONLEY,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before JOLLY and WIENER, Circuit Judges, and ROSENTHAL, District
Judge.[*]

E. GRADY JOLLY, Circuit Judge:

    James Earl Conley contends that both his trial and appellate
counsel were ineffective in failing to object and argue that his
sentence was greater than the maximum set for the crime for which
he was convicted.  We conclude that Conley was in fact sentenced to
a longer prison term than that authorized under the criminal
statute he violated, and that the performance of his counsel was
constitutionally ineffective.  We therefore reverse the district

_____

    [*] District Judge of the Southern District of Texas, sitting by
designation.

court's denial of relief, vacate Conley's sentence and remand for re-sentencing.

I

Conley was charged with conspiracy, mail fraud, and money laundering in a fifteen-count indictment. A jury found Conley guilty of one count of conspiracy and four counts of mail fraud, but acquitted him on counts six through fifteen, which dealt with money laundering. The district court, assuming that Conley had been convicted under 18 U.S.C. § 1956(h), a money laundering conspiracy statute, sentenced Conley to 121 months imprisonment on Count One--even though the judgment specifies that he was convicted only under 18 U.S.C. § 371, the general conspiracy statute with respect to mail fraud and money laundering, carrying a maximum sentence of 60 months imprisonment. (Conley also received concurrent 60-month terms of imprisonment for the mail fraud substantive counts.) Conley's attorneys did not realize the sentencing error until their reply brief on appeal, at which point this Court rejected their argument because it had not been properly preserved and timely raised.

Conley soon initiated this proceeding under 28 U.S.C. § 2255 and moved the district court to vacate, set aside, or correct his sentence. He argued that the 121-month term for the conspiracy count exceeded the statutory maximum sentence for a conviction under 18 U.S.C. § 371, and that his attorneys had rendered ineffective assistance in failing to object to his sentence and

2

raise the issue on appeal. Conley submitted affidavits from his attorneys acknowledging their failures. The district court summarily denied the motion, and denied a Certificate of Appealability ("COA"). Conley then filed for leave to appeal with this Court. We granted a COA authorizing Conley to proceed with his ineffective assistance claim.

## II

We review a district court's conclusions with regard to a petitioner's § 2255 claim of ineffective assistance of counsel <u>de novo</u>. <u>United States v. Bass</u>, 310 F.3d 321, 325 (5th Cir. 2002); <u>United States v. Fabion</u>, 19 F.3d 226, 228 (5th Cir. 1994).[1]

## A

We first address the alleged error in sentencing. Conley points out that the indictment, jury instructions, docket sheet, and, importantly, the judgment itself, all make clear that the conviction on the first count (conspiracy) was for no offense other

---

[1]Because Conley procedurally defaulted on this issue in the criminal proceedings, ordinarily he would have to show both cause for his procedural default and prejudice resulting from the error. <u>United States v. Shaid</u>, 937 F.2d 228, 232 (5th Cir. 1991) (en banc) (quoting <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982)). We have previously held, however, that "a claim for ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be raised on direct appeal." <u>Bass</u>, 310 F.3d at 325. The government does not contest that ineffective assistance of counsel may constitute cause and prejudice sufficient to overcome the procedural default doctrine. <u>United States v. Gaudet</u>, 81 F.3d 585, 589 (5th Cir. 1996); <u>United States v. Pierce</u>, 959 F.2d 1297, 1301 (5th Cir. 1992) (quoting <u>United States v. Carrier</u>, 477 U.S. 478, 488 (1986)).

than 18 U.S.C. § 371. The government counters that the body of the conspiracy count cites to the money laundering statute, 18 U.S.C. § 1956(a)(1)(A)(I) (in addition to a mail fraud statute, 18 U.S.C. § 1341), as an underlying statutory basis for the charged conspiracy. It also notes that, after enumerating certain overt acts, the conspiracy count concludes: "In violation of Title 18, United States Code, Sections 371 and 1956(h)." A conspiracy to launder money under § 1956(h) carries the same maximum penalty as the money laundering substantive offense under § 1956(a) (up to 20 years imprisonment). The government therefore argues that because the money laundering statute was referenced, the jury convicted under the conspiracy count as charged, and consequently, Conley's sentence did not exceed the statutory maximum.

In the light of this Court's precedent, the government's argument is unpersuasive. First, we have held that a lone statutory reference is inadequate to charge a defendant in a constitutionally permissible manner. United States v. Cabrera-Teran, 168 F.3d 141, 147 (5th Cir. 1999).[2] "The test of the validity of an indictment is 'not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms

---

[2]"[A] statutory citation, standing alone, cannot substitute for including an element of the crime in an indictment." Although United States v. Cotton, 535 U.S. 625 (2002), overruled part of the Cabrera-Teran (holding that an omission from an indictment is a "jurisdictional" defect, see Cotton, 535 U.S. at 629), it did not affect the discussion of the sufficiency of a statutory citation standing alone.

4

to minimal constitutional standards.' . . . [A] statutory citation cannot, standing alone, meet this test." United States v. Wilson, 884 F.2d 174, 179 (5th Cir. 1989) (citation omitted). The Wilson court emphasized that a defendant must be "fairly informed of what charge he must be prepared to meet." Id. at 179 n.8. In accord with our precedent, we find that Conley's conviction under § 1956(h) cannot be upheld because he was not adequately charged in the indictment.[3]

Second, this Court's precedent dictates that, where a jury verdict is ambiguous, a sentence imposed for a conviction on a count charging violations of multiple statutes or provisions of statutes may not exceed the lowest of the potentially applicable maximums, which in this case is 60 months. United States v. Cooper, 966 F.2d 936, 940 (5th Cir. 1992).[4] Here the jury rendered a general guilty verdict and did not specify the statutory violation. Conley cannot therefore be subject to the higher maximum penalty. Id.; see also United States v. Carbajal, 290 F.3d 277, 288 (5th Cir. 2002) (quoting Cooper, 966 F.2d at 940); United States v. Fisher, 22 F.3d 574, 576 (5th Cir. 1994).

---

[3]Our conclusion that this conviction exceeded the statutory maximum is further supported by the fact that neither Count One nor the jury instructions presented the elements or the essence of § 1956(h).

[4]"[A] sentencing judge faced with a conviction on a count that charged the violation of more than one statute, but where the jury failed to specify the violation found, is limited to imposing a sentence that does not exceed the maximum penalty under the statute providing the least severe punishment." Cooper, 966 F.2d at 940.

The government's argument to the contrary is unconvincing.  It cites United States v. Green for the proposition that a judge can impose the more severe sentence of a multiple-offense indictment count if it is clear that the jury convicted on the offense with the higher maximum.  180 F.3d 216, 226 (5th Cir. 1999).  Yet here it is not at all clear that the jury convicted Conley of conspiracy to launder money, the offense with the higher maximum under the conspiracy count.  Indeed, it is more plausible that the jury did *not* convict Conley for a money laundering conspiracy because it actually *acquitted* Conley of the substantive counts of money laundering.

Still further, the procedural posture of the present case is different from both Green and sister circuit cases that the government cites for support.  All of these cases, which imposed the higher of potential maximum sentences of multiple-offense counts, depended upon conjunctive jury instructions; that is, the court (or the indictment) made clear to the jury that a guilty verdict would, by necessity, mean that all violations had

6

occurred.[5]   Here, as in Cooper, the jury instructions were conspicuously disjunctive.[6]

In sum, Conley has shown that his sentence, resulting from a conviction under 18 U.S.C. § 371 alone, exceeded the statutory maximum.

B

Having determined that Conley was erroneously sentenced, we turn to the question of whether this error resulted from constitutionally ineffective counsel.  To prove that his counsel were ineffective, Conley must show that his attorneys' performance was deficient and that he suffered prejudice from this deficient performance.  Strickland v. Washington, 466 U.S. 668, 687 (1984). Given our finding that this Court's precedent compels that we hold a 60-month term of imprisonment to be the maximum allowable under

---

[5]See, e.g., United States v. Allen, 302 F.3d 1260, 1274-76 (11th Cir. 2002); United States v. Neuhauser, 231 F.3d 460, 468-70 (6th Cir. 2001); United States v. Watts, 950 F.2d 508, 514-15 (8th Cir. 1991).  The lone exception may be United States v. Tham, a Ninth Circuit case.  960 F.2d 1391, 1400 (9th Cir. 1992) ("[W]here the jury verdict fails to specify which of the charged offenses were the object of the conspiracy, then the defendant may be convicted of those object offenses which the court, were it sitting as a trier of fact, would convict the defendant.") (citing U.S.S.G. § 1B1.2(d) comment. (n.5)).  It is not at all clear that Tham is analogous to the instant case, however, and its language is broad and directly conflicts with our precedent as it applies to this case.  In any event, Tham is not enough to support the government's position given our holdings in Cooper, Carbajal, Fisher, and Green.

[6]The relevant instructions here read: "The indictment charges that the defendant conspired to commit two offenses.  The government must prove . . . that he conspired to commit at least one of these offenses. . . . The government does not need to prove that he conspired to commit both."

7

the first count, and that the error in sentencing was obvious, it follows that Conley's trial and appellate counsel were ineffective in failing to object at sentencing and then to raise the issue on appeal.

First, counsel's assistance is deficient if it falls "below an objective standard of reasonableness." Strickland, 466 U.S. at 688. We have described that standard as requiring that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000) (quoting United States v. Williamson, 183 F.3d 458, 462-63 (5th Cir. 1999)). "Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." Id. Conley's counsel failed to meet this standard in that they admittedly failed to recognize and argue that Conley could not receive more than 60 months imprisonment under Count One.

Second, to prove prejudice, "the defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2001) (quoting Strickland, 466 U.S. at 694). It is clear that, "but for counsel's unreasonable failure . . . [Conley] would have prevailed," Briseno v. Cockrell, 274 F.3d 204, 207 (5th Cir. 2001),

in obtaining a lesser sentence.[7]  And, of course, "any amount of actual jail time has Sixth Amendment significance," Glover v. United States, 531 U.S. 198, 203 (2001), which constitutes prejudice for purposes of the Strickland test.  See, e.g., United States v. Franks, 230 F.3d 811, 815 (5th Cir. 2000) (three extra months equals prejudice).

In sum, Conley's attorneys provided ineffective assistance, and Conley was prejudiced as a result.  He is entitled to the habeas relief he seeks--to have his sentence on Count One set aside.

III

For the foregoing reasons, the district court's judgment denying relief under 28 U.S.C. § 2255 is REVERSED, Conley's sentence is VACATED, and this case is REMANDED to the district court for re-sentencing not inconsistent with this opinion.

REVERSED, SENTENCE VACATED, and REMANDED FOR RE-SENTENCING.

---

[7]As *trial* counsel made no objection to the unlawful sentence, to demonstrate *appellate* counsel's deficiency, Conley must show that the sentence amounted to plain error.  United States v. Williamson, 183 F.3d 458, 463-64 (5th Cir. 1999).  Here, the error was obvious, and under our holding in United States v. Sias, "a sentence that exceeds the statutory maximum is an illegal sentence and therefore constitutes plain error."  227 F.3d 244, 246 (5th Cir. 2000).