United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-20618
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OYENOKACHIKEM CHARLES OSAMOR,

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. H-01-CR-764-1
_____

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[1]

Osamor was charged by indictment with conspiracy to possess stolen mail, to transport stolen property, and to commit mail fraud (Count One), conspiracy to launder funds (Count 2), 20 counts of mail fraud and aiding and abetting mail fraud (Counts 3-22), and 20 counts of possession of stolen mail, specifically checks, and aiding and abetting the possession of such stolen mail (Counts 23-42). The indictment came after law enforcement agents, armed with an arrest warrant, forcibly entered Osamor's house, arrested Osamor, conducted a protective sweep of the home, and, after

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

securing the residence, obtained a search warrant for the home. Pursuant to the search warrant, agents searched Osamor's home and discovered evidence of bank records, brokerage accounts, credit applications, and mail in the names of other persons.

The case proceeded to a jury trial. Prior to submission of the case to the jury, the Government indicated that it was abandoning certain counts. The jury returned guilty verdicts on counts 1-2, 7-18, 27-33, and 35-38, which represented all of the counts submitted to the jury.

Pertinent to this appeal, the probation officer determined, under the 2000 version of the United States Sentencing Guidelines, that Osamor's base offense level for his conviction on Count 2 was 23. Osamor objected to the assignment and the district court overruled his objection.

Osamor was sentenced to 60 months' imprisonment and three years' supervised release on Counts 1, 27-33, and 35-38. He was sentenced to concurrent terms of 175 months' imprisonment and five years' supervised release on Counts 2 and 7-18. Osamor was also ordered to provide restitution in the amount of $1,408,438.68. Acting upon Osamor's oral request, the clerk of the district court filed a timely notice of appeal on Osamor's behalf.[2]

---

[2]Osamor's brief challenges (1) the district court's denial of his motion to suppress evidence; (2) the sufficiency of the evidence; (3) the prosecutor's closing argument; (4) the jury instructions; and (5) the district court's application of the United States Sentencing Guidelines ("U.S.S.G.") §§ 2S1.1, 3B1.1, and 2S1.1(b)(2)(I). The only issue warranting discussion is the

2

Osamor argues that the district court erred in assigning a base offense level of 23 to his money laundering conspiracy offense under U.S.S.G. § 2S1.1. We disagree.[3]

We review the district court's interpretation and application of the Sentencing Guidelines de novo, United States v. Charles, 301 F.3d 309, 312 (5th Cir. 2002) (en banc), and its factual findings for clear error. United States v. Paul, 274 F.3d 155, 161 (5th Cir. 2001).

In the instant case, Count 2 of the indictment charged Osamor with conspiracy to launder funds under 18 U.S.C. § 1956(h). Under § 1956(h) a person who conspires to commit any offense listed in § 1956 is subject to the same penalties as those provided for the commission of the actual offense. In the instant case, Osamor was charged both with conspiring to violate § 1956(a)(1)(A)(i), which carries a base offense level of 23, and with conspiring to violate § 1956(a)(1)(B)(i), which carries a base offense level of 20. See U.S.S.G. § 2S1.1(a)(1)&(2).[4]

---

district court's application of U.S.S.G. § 2S1.1. With respect to Osamor's remaining arguments, we find that the district court committed no reversible error and the district court's judgment is, therefore, AFFIRMED.

[3]We note that the Supreme Court's decision in Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (June 24, 2004) does not affect our disposition of this appeal. See United States v. Pineiro, No. 03-30437, __ F.3d __, 2004 WL 1543170 (5th Cir. July 12, 2004).

[4]The pertinent portion of U.S.S.G. § 2S1.1 provides that the base offense level for the laundering of monetary instruments is "23, if convicted under 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), or

3

The jury charge defined the substantive offense of money laundering to require either "that the Defendant intended to promote the carrying on of the specified unlawful activity [a violation of § 1956(a)(1)(A)(i)] or knew that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of specified unlawful activity [a violation of §

_____

(a)(3)(A)"; otherwise, the defendant's base offense level is 20. U.S.S.G. § 2S1.1(a)(1)&(2).

4

1956(a)(1)(B)(i)]." (Emphasis added.)[5] The jury returned a general guilty verdict.

At sentencing Osamor objected to the PSR's assignment of a base offense level of 23 for his conviction for conspiracy to launder funds under 18 U.S.C. § 1956(h). Osamor argued that no election had been made by the jury indicating the means by which he violated § 1956(h); conspiring to violate § 1956(a)(1)(A)(i) --

---

[5]The relevant portion of the statute provides that:

> (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity--
>
> > (A)(i) with the intent to promote the carrying on of specified unlawful activity; or
> >
> > . . .
> >
> > (B) knowing that the transaction is designed in whole or in part--
> >
> > (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity
> >
> > . . .
> >
> > shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both.

18 U.S.C. § 1956(a)(1).

5

enumerated base offense level of 23 -- or conspiring to violate § 1956(a)(1)(B)(i) -- base offense level of 20. The district court overruled his objection but did not specifically determine that Osamor had violated § 1956(a)(1)(A)(i).

"A particular guideline (in the base offense level or in a specific offense characteristic) may expressly direct that a particular factor be applied only if the defendant was convicted of a particular statute" -- here, conviction under § 1956(a)(1)(A)(i) -- and in this case neither the jury nor the district court expressly determined that Osamor was convicted under 18 U.S.C. § 1956(a)(1)(A). See United States v. Rodriquez, 278 F.3d 486, 493 (5th Cir. 2002).

First, it is clear that a jury finding that Osamor violated § 1956(a)(1)(A)(i) is not required. In United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000), a panel of this court held that "a fact used in sentencing that does not increase the penalty beyond the statutory maximum need not be alleged in the indictment and proved to a jury beyond a reasonable doubt." Id. at 787. Here, Osamor's sentence of 175 months imprisonment and five years supervised release does not exceed the statutory maximum for a violation of § 1956. See United States v. Conley, 349 F.3d 840 (5th Cir. 2003) (stating that maximum sentence for conspiracy to launder money is 20 years).

Second, the Supreme Court's decision in Edwards v. United States, 523 U.S. 511 (1998) precludes Osamor's objections. In that

case, the defendants were charged with conspiring to possess both cocaine <u>and</u> crack. <u>Edwards</u>, 523 U.S. at 512-13. At trial the district court charged the jury that the government was required to prove that the conspiracy involved cocaine <u>or</u> crack. <u>Id.</u> at 513. The jury returned a general guilty verdict and the judge sentenced the defendants based upon his finding that each defendant had conspired to possess both cocaine and crack. <u>Id.</u>

The defendants argued that the use of the word "or" in the jury charge required the district court to assume that the conspiracy only involved cocaine, which is treated more leniently by the Sentencing Guidelines than crack. <u>Id.</u> The Supreme Court rejected this argument and held that the district judge was authorized to determine for sentencing purposes whether crack, as well as cocaine, was involved in the offense. <u>Id.</u>

In the instant case, the jury charge defined the substantive offense of money laundering to include either § 1956(a)(1)(A)(i) <u>or</u> § 1956(a)(1)(B)(i). The jury rendered a general verdict which did not specifically find that its decision rested on § 1956(a)(1)(A)(i) as opposed to § 1956(a)(1)(B)(i). Moreover, § 2S1.1 "expressly directs" that a base offense level of 23 is only appropriate when the conviction rests on one of the enumerated offenses, including a violation of § 1956(a)(1)(A)(i). <u>See</u> <u>Rodriguez</u>, 278 F.3d at 493. The <u>Edwards</u> decision, however, also instructs that this finding -- that Osamor violated § 1956(a)(1)(A)(i) -- may be made by the district judge.

7

In this case, the district judge did not explicitly find that Osamor had violated § 1956(a)(1)(A)(i).  In overruling Osamor's objections, however, the district court noted that "[t]he higher base offense level of 23 as compared to the base offense level of 20, applicable to other money laundering offenses, is applied in sentencing defendants whose commission of a money laundering offense encouraged or facilitated the commission of further crimes."  Consequently, the district court's rejection of Osamor's argument urging application of a base offense level of 20 clearly implies that the district court found that Osamor's money laundering offense "encouraged or facilitated other crimes" -- a violation of § 1956(a)(1)(A) -- and is therefore subject to the higher base offense level of 23.  The record supports such a finding.  For these reasons, the district court's application of § 2S1.1(a)(1) was proper and its judgment is in all respects

AFFIRMED.