United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 3, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30475
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KERRY NATION, also known as K-Mac,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:05-CV-2199
USDC No. 3:02-CR-30043-5
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kerry A. Nation, federal prisoner # 21378-077, pleaded guilty
to one count of conspiracy to possess with intent to distribute
five grams or more of cocaine base. Nation now seeks a certificate
of appealability (COA) to appeal the district court's denial of his
28 U.S.C. § 2255 motion. Nation raises two interrelated grounds:
(1) that he should have been allowed to withdraw his guilty plea
because his counsel erroneously advised him that the career
offender enhancement set forth in U.S.S.G. § 4B1.1 did not apply to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him; and (2) that his counsel's erroneous advice constituted ineffective assistance, and therefore, his plea was not knowing and voluntary.

To obtain a COA, Nation must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet that standard, the movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks and citation omitted). We conduct a threshold inquiry that does not require a showing of success on appeal. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

With respect to Nation's first claim, we previously affirmed the district court's denial of Nation's motion to withdraw his guilty plea. Thus, Nation may not relitigate that issue on collateral review. *See United States v. Webster*, 392 F.3d 787, 791 n.5 (5th Cir. 2004).

With respect to Nation's claim of ineffective assistance, the district court denied it without conducting an evidentiary hearing. However, "[u]nless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief," a district court must hold a hearing to resolve factual and legal issues. *See* § 2255; *see also United States v. Briggs*, 939 F.2d 222, 228-29 & n.19 (5th Cir. 1991).

The record does not conclusively show that Nation is not entitled to relief. To prevail on an ineffective assistance claim, a movant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Nation has made a strong showing that counsel's performance was deficient. Research would have revealed that § 4B1.1 applied to Nation's prior conviction under 21 U.S.C. § 843(b). *See* U.S.S.G. § 4B1.2, comment (n.1) (2003). Counsel's failure to conduct such research constitutes deficient performance. *See United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003).

With respect to prejudice, Nation must show a reasonable probability that, but for his counsel's erroneous advice regarding the applicability of U.S.S.G. § 4B1.1, he would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Nation has shown that reasonable jurists would debate the resolution of this question. Nation's counsel stated during the hearing on the motion to withdraw and in a letter to the magistrate judge that the career offender enhancement was the sticking point in the plea negotiations, and that Nation refused to plead guilty if he was going to be subject to the enhancement. It was only after counsel assured Nation that § 4B1.1 was inapplicable that Nation changed his mind and decided to plead guilty. Counsel's assurance to Nation was, according to counsel, supported by the opinion of the Assistant United States

Attorney. Underscoring this assurance was the Government's agreement not to seek a statutory career offender enhancement. Although Nation's claims may be inconsistent with some of his statements at the plea hearing, that inconsistency does not necessarily preclude relief. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

We offer no opinion regarding the merits of Nation's claim. We simply conclude that reasonable jurists could debate the district court's resolution of this matter, and that Nation is entitled to an evidentiary hearing.

For the foregoing reasons, we GRANT Nation's motion for a COA on his ineffective assistance claim, we VACATE the judgment of the district court, and we REMAND for an evidentiary hearing on the ineffective assistance claim. We DENY a COA as to all other issues.