IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2007

Charles R. Fulbruge III
Clerk

No. 06-30395
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TOMMY NABOR, also known as Sealed Defendant 1

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CV-1285
USDC No. 3:04-CR-148

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Tommy Nabor, Jr., federal prisoner # 04263-095, appeals the denial of his 28 U.S.C. § 2255 motion to correct his sentence imposed when he pleaded guilty to one count of distribution of powder cocaine and two counts of distribution of five grams or more of cocaine base. Within ten days after the entry of judgment of conviction, Nabor filed his § 2255 motion pro se, alleging that he did not voluntarily and knowingly enter his plea and that his attorney had rendered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ineffective assistance. Nabor asserts that he filed this § 2255 motion thinking it was a notice of appeal, and while the motion is captioned and structured as a § 2255 motion, Nabor states in the motion itself that the result of the direct appeal he filed in Middle District of Louisiana is "unknown (current application)."

After the district court assigned the motion to a magistrate judge (MJ), the Government responded, and the MJ's report recommended that Nabor's motion be denied on the merits. Before the district court acted on the MJ's report and recommendation, Nabor filed a motion for leave to amend, asking the court to treat his § 2255 motion as a notice of appeal or, in the alternative, to allow him to amend his § 2255 motion to add an allegation that his attorney provided ineffective assistance by failing to file an appeal despite Nabor's request that he do so. The district court denied Nabor leave to amend in either manner without explanation. The district court then overruled Nabor's objections to the MJ's report, adopted the MJ's report and recommendation, and denied Nabor's § 2255 motion.

After Nabor timely filed a notice of appeal, we granted Nabor a COA with respect to whether the district court abused its discretion in refusing to grant Nabor leave to amend his § 2255 motion to add a claim for ineffective assistance of counsel based on his attorney's failure to file a notice of appeal.[1] The FEDERAL RULES OF CIVIL PROCEDURE apply to amendments and supplements of motions brought under 28 U.S.C. § 2255. See 28 U.S.C. § 2242; RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 12. Under FED. R. CIV. P. 15(a), a plaintiff is allowed, as a matter of right, one amendment before any responsive pleading has been filed, but subsequent amendments are permitted only with leave of court. Id.; Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981). FED.

---

[1] Nabor did not seek a COA to appeal the district court's refusal to treat his § 2255 motion as a notice of appeal.

R. CIV. P. 15 instructs that leave to amend "shall be freely given when justice so requires." Nabor argues that the district court abused its discretion in refusing to allow him to amend his pleadings to add a claim that his attorney rendered ineffective assistance by failing to file a notice of appeal as instructed.

The Government correctly observes that appellate review of the decision to grant or deny leave is limited to determining whether the trial court abused its discretion. See Dussouy, 660 F.2d at 597. We have held that "outright refusal to grant leave to amend without a justification such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' is considered an abuse of discretion." United States ex rel. Adrian v. Regents of the Univ. of Cal., 363 F.3d 398, 403 (5th Cir. 2004) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, the district court did not provide any reasons explaining why it denied Nabor leave to amend his § 2255 motion, and nothing in the record indicates that anything like the accepted reasons justifying such a denial were present in Nabor's case. Although Nabor did not file his motion for leave to amend until after the Government filed its response and the MJ issued a recommendation, the nature of the amendment Nabor sought would not have prejudiced the Government. In addition, Nabor's good faith is supported by his consistent statements that he believed his § 2255 motion was a direct appeal and by his request in his motion for leave that his § 2255 motion be treated as a direct appeal. In fact, Nabor indicated on the face of his § 2255 motion that he was attempting to file a direct appeal through that vehicle.

The Government argues that the district court's denial of leave to amend should be upheld because Nabor's ineffective assistance claim was futile. In response, Nabor contends that his attorney's failure to file a notice of appeal constitutes ineffective assistance of counsel per se.

Neither party is entirely correct. In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court held that the failure of an attorney to file a notice of appeal only requires reinstatement of appellate proceedings if the defendant shows "(1) that counsel's representation 'fell below an objective standard of reasonableness,' . . . and (2) that counsel's deficient performance prejudiced the defendant." Flores-Ortega, 528 U.S. at 476-77 (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). The Court refused to hold that the failure to file a notice of appeal is unreasonable per se, requiring instead that courts evaluate the reasonableness of the attorney's conduct in light of the specific facts of the case. Id. at 477-81. The Court did instruct, however, that "[i]f counsel has consulted with the defendant," then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. at 478. For the prejudice prong of the ineffective assistance claim, the Flores-Ortega Court held that the defendant must demonstrate "that, but for counsel's deficient performance, he would have appealed." Id. at 484. Because Nabor specifically alleged in his motion to amend below that his attorney failed to file a notice of appeal despite being instructed to do so and that, if his attorney had done so, Nabor's mislabelled § 2255 motion filed within 10 days after his judgment of conviction would have been properly filed as a notice of appeal, Nabor set forth a prima facie claim of ineffective assistance of counsel. See Flores-Ortega, 528 U.S. at 476-84.

The district court abused its discretion in refusing to allow Nabor to add the claim of ineffective assistance of counsel without any of the accepted reasons justifying such a denial. See FED. R. CIV. P. 15(a); Adrian, 363 F.3d at 403. The judgment below is vacated and the case is remanded with instructions that the district court grant Nabor leave to amend his pleadings to add his claim that his counsel was ineffective in failing to perfect the appeal as Nabor instructed.

VACATED AND REMANDED.