UNITED STATES of America

v.

Leonard MOODY.

Criminal Action No. 06–204.

United States District Court, E.D. Louisiana.

March 6, 2009.

Matthew J. Coman, U.S. Attorney's Office, New Orleans, LA, for United States of America.

### ORDER AND REASONS

SARAH S. VANCE, District Judge.

Before the Court is petitioner Leonard Moody's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court DISMISSES Claim One and Claim Two and takes Claim Three under advisement pending further development of the record.

## I. BACKGROUND

On July 26, 2006, a federal grand jury charged petitioner Leonard Moody with one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). R. Doc. 6. Moody initially entered a plea of not guilty. R. Doc. 9. On October 23, 2006, the Government filed a Notice of Armed Career Criminal Sentencing Enhancement, alleging that Moody qualified for an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The

ACCA provides for an enhanced sentence when a felon with three previous convictions for a "violent felony" or a "serious drug offense" illegally possesses a firearm in violation of 18 U.S.C. § 922(g). Whereas section 922(g) ordinarily carries a penalty of imprisonment for a term of no more than ten years, 18 U.S.C. § 924(a)(2), violators who meet the requirements of the ACCA face a mandatory minimum sentence of fifteen years imprisonment. See 18 U.S.C. § 924(e)(1). The Government alleged in its Notice that Moody qualified for the enhancement because he had previously been convicted of twelve counts of armed robbery and one count of attempted armed robbery in the Orleans Parish Criminal District Court.

At an in-court appearance on November 29, 2006, Moody expressed dissatisfaction with his appointed defense counsel and asked the Court to appoint new counsel. The Court granted Moody's oral motion and appointed new defense counsel. R. Docs. 24, 26, 29, 30. Shortly thereafter, Moody also retained private defense counsel. R. Doc. 32.

After requesting a series of continuances, Moody came before this Court on September 5, 2007, to change his plea to guilty as to the one count of the indictment. He did not enter into a plea agreement with the government. The Court advised Moody of the potential ACCA sentencing enhancement, and Moody indicated that he understood the enhancement and that he had discussed it with his retained defense counsel.[1] Counsel also advised the

---

1. The colloquy was as follows:

 Q: Ordinarily, this charge carries a maximum possible sentence of ten years imprisonment.... However, in your case the government has filed a notice of armed career criminal sentencing enhancement.
 If the Court determines that you are an armed career criminal under 18, United States Code, Section 924(e), then the maxi-

 mum penalty you could receive is life imprisonment with a 15-year mandatory minimum sentence of imprisonment....
 When I sentence you, I will consult the United States Sentencing Guidelines. Has your lawyer explained the guidelines to you?
 A: Yes, ma'am.

Court that he had discussed the enhancement with his client.[2] The Court then accepted Moody's plea of guilty, ordered the U.S. Probation Officer to prepare a Presentence Investigation Report (PSR), and set a date for sentencing.

At sentencing, Moody's counsel raised two objections to the PSR. First, he objected to the calculation of his criminal history level under the U.S. Sentencing Guidelines. He argued that he should have been assessed three criminal history points rather than six for his twelve armed robbery convictions. The Court overruled that objection, finding that the three extra points were properly included pursuant to U.S.S.G. § 4A1.1(f). Second, Moody objected to his classification as a career offender under U.S.S.G. § 4B1.1(a). The Court overruled that objection as well, finding: (1) that the Government sought enhancement under Guidelines section 4B1.4 rather than 4B1.1, (2) that a defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal under Guidelines section 4B1.4, and (3) that Moody qualified as an armed career criminal under both 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 because of his previous armed robbery convictions.

The Court calculated Moody's adjusted offense level to be 30 and his criminal history category to be IV, which would have ordinarily yielded a guidelines range of 135 to 168 months. Because Moody qualified for an enhanced sentence under the ACCA, however, he was subject to a mandatory minimum sentence of fifteen years (180 months). The restricted guidelines range was therefore 180 months, with a statutory minimum term of 180 months imprisonment and a maximum term of life imprisonment. The Court sentenced Moody to a term of imprisonment of 180 months. Moody did not appeal his conviction or sentence.

Moody has now filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. R. Doc. 53. He asserts three grounds on which his sentence is allegedly subject to collateral at-

---

Q: Has he explained to you that the armed career criminal statute would impose a mandatory minimum sentence of 15 years and would increase the maximum possible sentence to life imprisonment?
A: Yes, ma'am.
. . .
Q: Do you understand that I could impose the maximum sentence I just described to you and I would be required to impose any applicable mandatory minimum sentence?
A: I don't understand that part.
Q: That if I determine that there's a mandatory minimum that applies, that you are in fact an armed career criminal, that I would have to apply the mandatory minimum that the statute provides. I don't have any discretion on that. Do you understand that?
A: Yes, ma'am.
Q: Okay. Has your lawyer explained to you that when a mandatory minimum applies, you'll be subject to the mandatory minimum, even if the guideline sentence is shorter than the mandatory minimum?

A: Yes, ma'am.

2. The colloquy was as follows:
Q: Have you explained to [the defendant] the effect of the armed career criminal statute?
A: Yes I have, Your Honor.
Q: Are you satisfied that he is pleading guilty voluntarily and understandingly and with full knowledge of the consequences of his plea?
A: Yes, Your Honor.
Q: Have you made any representations to him as to what sentence I will impose, other than to explain to him that I will consult the guidelines on an advisory basis, and that I would be bound to apply the enhancement required by the armed career criminal statute if I determine that it applies?
A: No, I have not made any other representations, Your Honor.

tack. First, he claims that "the court's erroneous adoption of a PSR guideline determination resulted in the petitioner being inappropriately sentenced as an armed career offender." R. Doc. 53 at 4. The prior armed robbery and attempted armed robbery convictions should have been counted as a single conviction rather than separate convictions, he argues, because they were "consolidated for sentencing [and] were related to one another." *Id.* at 15. Second, Moody claims that his defense counsel's "failure to investigate and properly challenge the [armed robbery] predicates relied upon to impose an armed career offender sentence constituted ineffective assistance of counsel in violation of the Sixth Amendment." *Id.* at 5. Finally, Moody claims that defense counsel's "failure to file [a] notice of appeal regarding a cognizable, non-frivolous, reviewable issue denied petitioner his right to appellate review from an unlawful sentence and effective assistance of counsel in violation of the Sixth Amendment." *Id.* at 7.

## II. LEGAL STANDARD

Title 28, United States Code, section 2255 provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of habeas corpus, *see* 28 U.S.C. §§ 2241, 2254, only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir.1996). A claim of error that is

neither constitutional nor jurisdictional is not cognizable in a 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). As with the writ of habeas corpus, there are a number of pragmatic limitations on the district court's authority to grant relief under section 2255. *See generally* 7 WAYNE R. LA-FAVE ET AL., CRIMINAL PROCEDURE § 28.9(b) (3d ed. 2007) (discussing custody requirement, procedural default, non-retroactivity, exhaustion of direct appeals, statute of limitations, successive petitions, and waiver).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion...." RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. RULES GOVERNING SECTION 2255 PROCEEDINGS, Rules 6–7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No eviden-

tiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir.2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir.1998)); *see also United States v. Cavitt*, 550 F.3d 430, 441–42 (5th Cir.2008). If the court determines that an evidentiary hearing is warranted, "the judge *must* appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 8(c) (emphasis added); *see also United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993) ("The provisions of [Rule 8] are mandatory and clear. If the court holds an evidentiary hearing, counsel must be appointed for an indigent defendant.").

■ Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir.1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke*, 350 F.3d 461, 472 (5th Cir.2003). For other "trial" errors, the court may only grant relief if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir.1999) (applying *Brecht* harmless error standard in a section 2255 proceeding); *United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir.2003) (same). If the

court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). This provision has been interpreted to grant the district courts "broad and flexible power ... to fashion an appropriate remedy." *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir.2008); *see also Andrews v. United States*, 373 U.S. 334, 339, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963); *United States v. Torres–Otero*, 232 F.3d 24, 30 (1st Cir.2000).

## III. DISCUSSION

### A. Ground One: Unlawful Sentence

■ Moody first contends that the Court incorrectly used his prior armed robbery convictions to enhance his offense level under the U.S. Sentencing Guidelines.[3] His argument needs some clarification, however. First, Moody appears to be confused over how the Court calculated his Guidelines range. He argues that he is not a career offender under U.S.S.G. § 4B1.1 and cites *Buford v. United States*, 532 U.S. 59, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001), which deals with that provision, in support of his argument. It may well be true that Moody is not a career offender under § 4B1.1, but it is irrelevant to the present proceeding because Moody's offense level was increased pursuant to the armed career criminal section, 4B1.4, not the career offender section, 4B1.1. *See* PSR ¶ 25 ("[Moody] is an armed career criminal, pursuant to U.S.S.G. § 4B1.4(a)

---

**3.** Under ordinary circumstances, this claim would likely be barred under the procedural default rule because Moody failed to raise it on direct appeal. *See United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). In this case, however, Moody alleges that his trial counsel rendered constitutionally ineffective assistance by fail-

ing to file a notice of appeal. As discussed below, Moody's argument may have merit. The Court will therefore assume, without deciding, that Moody can make the showing of "cause and actual prejudice" necessary to overcome a procedural default. *Id.* at 167, 102 S.Ct. 1584.

and his base offense level is 33 . . . ."). Moody also points to U.S.S.G. § 4A1.2(a)(2), arguing that the test in that section for determining when prior sentences are counted separately for criminal history level purposes should have been used to determine whether he is an armed career criminal. There is no merit to that suggestion. The "related sentences" test in that section is relevant to the calculation of a defendant's criminal history level, *see United States v. Dunn*, 431 F.3d at 436 (5th Cir.2005), and to the application of § 4B1.1, *see Buford*, 532 U.S. at 60–61, 121 S.Ct. 1276, but it is not relevant to a defendant's status as an armed career criminal.

▪▪▪ In any case, an argument based on the Court's application of the Sentencing Guidelines is not appropriate at this stage for several reasons. First, and most importantly, section 2255 petitioners cannot challenge a district court's technical application of the Sentencing Guidelines on collateral review. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir.1994). Second, the Court's Guidelines calculation did not affect Moody's sentence. Even the highest end of the unrestricted Guidelines range (168 months) would have been below the statutory minimum sentence (180 months). Although the sentencing judge enjoys significant discretion in determining what sentence is appropriate for an individual defendant, *see Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 574–75, 169 L.Ed.2d 481 (2007), she is not free to impose a sentence below the statutory minimum except in limited circumstances not applicable here. *See United States v. Krumnow*, 476 F.3d 294 (5th Cir.2007) ("A district court may impose a sentence of imprisonment below a statutory minimum . . . only if: (1) the Government [so moves]

pursuant to 18 U.S.C. § 3553(e)[,] asserting the defendant's substantial assistance to the Government; or (2) the defendant meets the 'safety valve' criteria set forth in 18 U.S.C. § 3553(f). Otherwise, post-*Booker* sentencing courts lack discretion to depart below relevant statutory minimums.") (internal citations and quotation marks omitted). Moody received the lowest sentence that could legally be imposed, and a recalculation of the Guidelines range would therefore not assist him. Finally, the Guidelines provision under which Moody's offense level was enhanced is linked to the Armed Career Criminal Act. *See* U.S.S.G. § 4B1.4 ("A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal."). Because the Court properly concluded that Moody was subject to the ACCA, *see infra*, the Guidelines calculation was also correct.

Because Moody's challenge to the Court's Guidelines calculation cannot help him, the Court will treat his claim as a challenge to the application of the Armed Career Criminal Act, which was the statutory basis for his mandatory minimum sentence. The relevant portion of the ACCA provides that "a person who violates [18 U.S.C.] section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, . . . shall be fined under this title and imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). Moody argues that his prior armed robberies should have been counted as a single conviction because they were "consolidated for sentencing [and] were related to one another" R. Doc. 53 at 15, and therefore were not "committed on occasions different from one another." Because Moody has no other prior violent felony convictions, counting his multiple armed robberies as a single conviction would put him outside the scope

of the ACCA. And because the statute that Moody violated ordinarily carries a maximum sentence of ten years, *see* 18 U.S.C. § 924(a)(2), Moody's fifteen-year term of imprisonment would be "in excess of the maximum authorized by law," 28 U.S.C. § 2255, which is a ground for post-conviction relief.

▉▉▉ Even under this more generous interpretation, however, Moody's argument cannot prevail. It is well-established in this circuit that "[m]ultiple convictions arising from the same judicial proceeding but separate criminal transactions constitute multiple convictions for purposes of § 924(e)." *United States v. Ressler*, 54 F.3d 257, 259 (5th Cir.1995). The inquiry goes to the timing of the criminal acts themselves, rather than the procedural details of charging and sentencing. "Crimes that are 'distinct in time' are properly treated as separate criminal transactions for purposes of § 924(e)." *United States v. White*, 465 F.3d 250, 253 (5th Cir.2006); *see also United States v. Hudspeth*, 42 F.3d 1015, 1021 (7th Cir.1994) (en banc) (applying ACCA based on the fact that the defendant's three crimes "were *sequential* (committed in succession), and not *simultaneous*") (emphasis in original). In determining whether two offenses were distinct in time, "a court is permitted to examine only the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *United States v. Fuller*, 453 F.3d 274, 278 (5th Cir.2006) (internal citations omitted).

▉▉▉ As noted, Moody was convicted in 1996 of twelve counts of armed robbery and one count of attempted armed robbery. The Government attached a copy of the charging document and judgment to the Notice of Sentencing Enhancement it filed before Moody's change of plea in this case. *See* R. Doc. 18–2. The charging document details the prior crimes that Moody pleaded guilty to committing:

- On September 7, 1995, Moody, armed with a gun, robbed Emile Winford of U.S. currency, jewelry, wallet and contents.

- On September 8, 1995, Moody, armed with a gun, robbed Timothy Smith of his wallet and contents then robbed Ripple Weistling of her purse and contents.

- On September 10, 1995, Moody, armed with a gun, robbed Kelvin Barnes of a pistol and jewelry.

- On September 12, 1995, Moody, armed with a gun, robbed Roy Brock of a beeper and U.S. currency.

- On September 17, 1995, Moody, armed with a gun, robbed Chandra Riley of a knapsack and contents, Samantha McMahon of her bookbag and contents, Wilmer Poole of a wallet and contents, and Dr. Claude Craighead of his wallet and contents. Moody also attempted to rob Nancy Poole of jewelry.

- On September 28, 1995, Moody, armed with a gun, robbed Martha Robinson of a 1987 Volvo and a purse and contents, Barbara Swoop of a 1990 Acura Legend, jewelry, a purse and contents, and Claire Stout of a backpack and contents.

R. Doc. 18–2.

▉▉▉ As this summary makes clear, at least six of the thirteen criminal acts that Moody committed were "distinct in time" from one another. *White*, 465 F.3d at 253. Moody committed armed robbery, a violent felony, *see* 18 U.S.C. § 924(e)(2)(B); La.Rev.Stat. § 14:64, on six different days

over a period of three weeks. That the crimes were charged in a single instrument and consolidated for sentencing is of no moment. *See id.* ("[T]he fact that White's drug charges were tried together is irrelevant to the determination of whether his actions constituted two criminal transactions."). What matters is that Moody's crimes were "committed sequentially, against different victims, at different times, and at different locations." *Ressler,* 54 F.3d at 260; *see also id.* (describing criminal transactions as sequential where defendant had the choice to "cease and desist from further criminal activity" but instead chose to "initiate a new course of action and commit a separate offense"). *Compare United States v. Godinez,* 998 F.2d 471, 472 (7th Cir.1993) ("Ordering six poker players at the same game to empty their pockets is one criminal episode."); *United States v. Petty,* 828 F.2d 2, 3 (8th Cir.1987) (holding that defendant's conviction for six counts of armed robbery based on his "simultaneous robbery of six individuals at a restaurant" should be counted as a single conviction); *Hudspeth,* 42 F.3d at 1023 (7th Cir.1994) (en banc) ("Congress added the phrase 'committed on occasions different from one another' to address situations similar to *Petty,* where a defendant's single action results in the commission of multiple, simultaneous crimes. The amendment would also preclude the separate consideration of multiple convictions arising from a single criminal act that violates several different criminal statutes.").

Moody's case is not close under longstanding Fifth Circuit precedent. He has at least six "previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another" and was therefore properly sentenced to the fifteen-year mandatory minimum term of imprisonment set forth in 18 U.S.C. § 924(e). "[T]he motion and the files and records of the case con-clusively show that the prisoner is entitled to no relief" on his first claim. 28 U.S.C. § 2255. The claim must therefore be dismissed without an evidentiary hearing.

## B. Ground Two: Ineffective Assistance at Sentencing

■■■ In addition to directly challenging the lawfulness of his sentence, Moody argues that his trial counsel rendered constitutionally ineffective assistance by failing to challenge the Court's application of the ACCA at sentencing. To establish an ineffective assistance of counsel claim, Moody must show that his counsel's performance was constitutionally deficient and that he suffered prejudice as a result of the deficiency. *See Strickland v. Washington,* 466 U.S. 668, 687–96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moody must establish both the "deficiency" and the "prejudice" prongs of the *Strickland* test. If the Court finds that he has made an insufficient showing as to either prong, it may dispose of the claim without addressing the other prong. *See id.* at 697, 104 S.Ct. 2052; *see also United States v. Chavez,* 193 F.3d 375, 378 (5th Cir.1999). It does not matter for Sixth Amendment purposes whether counsel was retained or appointed. *See Cuyler v. Sullivan,* 446 U.S. 335, 344–45, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

■■■ With respect to the "deficiency" prong, the Fifth Circuit has held that trial counsel's performance must be judged against "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson,* 116 F.3d 1115, 1122 (5th Cir.1997). It would be impossible to summarize the many ways in which an attorney's performance might be constitutionally deficient, but the Fifth Circuit had laid out certain guiding principles. Counsel's basic duty is to "re-

search relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Conley,* 349 F.3d 837, 841 (5th Cir.2003) (quoting *United States v. Phillips,* 210 F.3d 345, 348 (5th Cir.2000)). "Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention," *id.,* but a "conscious and informed decision on trial tactics and strategy" will not be considered deficient unless it is "so ill chosen that it permeated the entire trial with obvious unfairness." *Green,* 116 F.3d at 1122 (quoting *Garland v. Maggio,* 717 F.2d 199, 206 (5th Cir.1983) (on rehearing)); *see also Cotton v. Cockrell,* 343 F.3d 746, 752–53 (5th Cir.2003). In evaluating counsel's performance, the district court should make every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial. *See Jones v. Jones,* 163 F.3d 285, 300–01 (5th Cir.1998) (quoting *Pitts v. Anderson,* 122 F.3d 275, 279 (5th Cir. 1997)).

With respect to the "prejudice" prong, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* In cases involving counsel's performance at the sentencing stage, the Supreme Court and the Fifth Circuit have emphasized that *Strickland* prejudice exists whenever there is a reasonable probability that, but for counsel's errors, the defendant's term of actual imprisonment would have differed in "any amount." *Conley,* 349 F.3d at 842 (quoting *Glover v.*

*United States,* 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001)).

█ In this case, Moody has established neither deficiency nor prejudice with respect to his counsel's performance at sentencing. Moody's trial counsel did in fact object to Moody's classification as an armed career criminal.[4] Although counsel framed his objection as a challenge to the applicability of U.S.S.G. § 4B1.4 rather than the ACCA, the Guidelines provision and the statutory provision are coextensive in their coverage, as discussed above. Counsel made essentially the same argument that Moody raises in the present motion, and the Court overruled the objection for essentially the same reasons given in this opinion.[5] It is not clear what else Moody thinks his counsel should have done. The Court therefore finds that trial counsel's performance at sentencing was not deficient.

█ In any case, even if there were something that Moody's counsel could have done differently, Moody would not have been prejudiced by the deficiency. As discussed in the preceding section, Moody's sentencing enhancement under the ACCA was plainly proper under the law of this circuit and every other circuit to consider the matter. *See White,* 465 F.3d 250; *Fuller,* 453 F.3d 274; *Ressler,* 54 F.3d 257; *see generally Hudspeth,* 42 F.3d at 1019 (discussing cases from the First, Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits). Because Moody was sentenced to the shortest term of imprisonment available under the ACCA, which clearly applied to his case, he cannot show that there is a reasonable probability that, but for some deficiency in his counsel's performance, his

---

**4.** *See* Defendant's Objections to PSR; Sentencing Transcript.

**5.** *See* Sentencing Transcript.

term of imprisonment would have differed. *Conley*, 349 F.3d at 842.

For all of these reasons, the Court finds that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" on his second claim. 28 U.S.C. § 2255. The claim must therefore be dismissed without an evidentiary hearing.

### C. Ground Three: Ineffective Assistance after Sentencing

 Moody's third claim is that his trial counsel rendered ineffective assistance by failing to appeal the imposition of sentence under the ACCA. The Government argues that Moody cannot show prejudice because he "has failed to demonstrate a 'reasonable probability' that he would have prevailed on appeal." R. Doc. 55 at 9 (citing *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000)). Although this argument seems plausible in light of the unmeritorious nature of Moody's principal claim, *see supra*, it is inconsistent with well-established Supreme Court and Fifth Circuit precedent. The Supreme Court has relaxed the prejudice requirement in cases involving counsel's failure to file a notice of appeal, concluding that "it is unfair to *require* an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal." *Roe v. Flores–Ortega*, 528 U.S. 470, 486, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (emphasis in original). Instead, to establish prejudice in such a case, the petitioner need only demonstrate "that, but for counsel's deficient conduct, he would have appealed." *Id.* The Fifth Circuit and six other courts of appeals have emphasized the categorical nature of this approach, holding that prejudice must be presumed even when the defendant has waived his right to direct appeal and collateral review in a plea agreement. *See United States v. Tapp*, 491 F.3d 263, 266 (5th Cir.2007); *see also Campusano v. United States*, 442 F.3d 770, 772–77 (2d Cir.2006); *United States v. Poindexter*, 492 F.3d 263 (4th Cir.2007); *Watson v. United States*, 493 F.3d 960 (8th Cir.2007); *United States v. Sandoval–Lopez*, 409 F.3d 1193, 1195–99 (9th Cir.2005); *United States v. Garrett*, 402 F.3d 1262, 1265–67 (10th Cir.2005); *Gomez–Diaz v. United States*, 433 F.3d 788, 791–94 (11th Cir.2005). *But see United States v. Mabry*, 536 F.3d 231, 239–42 (3d Cir.2008) (rejecting the *Tapp* approach); *Nunez v. United States*, 546 F.3d 450, 453–54 (7th Cir.2008) (same).

 It is not clear from the record whether Moody would have taken an appeal in the absence of his counsel's allegedly deficient performance. As such, an evidentiary hearing may be necessary unless it is clear that counsel's performance was not in fact deficient. In a failure-to-appeal case like this one, the petitioner can establish deficiency by showing one of three things: (1) counsel "disregard[ed] specific instructions from the defendant to file a notice of appeal"; (2) counsel failed to consult with the defendant about an appeal when there was reason to think "that a rational defendant would want to appeal"; or (3) counsel failed to consult about an appeal when the defendant had "reasonably demonstrated to counsel that he was interested in appealing." *Flores–Ortega*, 528 U.S. at 477, 480, 120 S.Ct. 1029; *see also Tapp*, 491 F.3d at 265; *United States v. Nabor*, 256 Fed.Appx. 669, 671 (5th Cir. 2007) (per curiam).

The record in this case contains no evidence relating to trial counsel's decision not to file a notice of appeal, and the Court is therefore unable to address the merits of either prong of Moody's ineffective as-

sistance of counsel claim. Because the Court cannot say that "the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255, further development of the record is needed. If Moody qualifies under 18 U.S.C. § 3006A, counsel shall be appointed to assist him in the prosecution of his remaining claim. RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 8(c).

## IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES Claims One and Two of Moody's motion to vacate, set aside, or correct his sentence. The Court takes Claim Three under advisement pending further development of the record.

IT IS ORDERED that this matter shall be referred to the magistrate judge for a determination of whether Moody qualifies to have counsel appointed under 18 U.S.C. § 3006A and, if necessary, the appointment of counsel.

IT IS FURTHER ORDERED that an evidentiary hearing is set to be held on Thursday, May 21, 2009 at 10:00 a.m. before the district judge. The scope of the hearing shall be limited to Moody's claim that his trial counsel was constitutionally ineffective in failing to file a notice of appeal. Moody shall file a memorandum in support of his position, along with any supporting affidavits and other evidence, no later than Thursday, May 7, 2009. The Government shall file a responsive memorandum no later than Thursday, May 14, 2009. If the parties wish to introduce live testimony at the hearing, they shall request leave of Court no later than Thursday, May 7, 2009.

IT IS SO ORDERED.